## The American Cigar Company v. Frank W. Foster.

*Chattel mortgages: Future acquisitions: Filing.* A chattel mortgage of a stock of goods made August 31, 1875, which covered expressly not only all goods then in store, but all other goods to be thereafter put there, and which was not filed till November 4, 1875, is held valid as between the parties to bind goods purchased by the mortgagor and added to the stock in the store on October 4, 1875.

*Chattel mortgages: Valid as between the parties: Purchaser with notice.* The mortgage being valid as between the parties to bind the future additions to the stock, is equally valid as against a subsequent purchaser in good faith of the goods who had actual knowledge of the mortgage; such a purchaser stands on no better footing than his vendor.

*Submitted on briefs April 11. Decided April 24.*

Case made from Superior Court of Grand Rapids.

*J. A. Fairfield,* for plaintiff, cited: *Comp. L.,* § *4706; Tannahill v. Tuttle, 3 Mich., 105; People v. Bristol, 35 Mich., 28; Montgomery v. Wight, 8 Mich., 149; Thompson v. Van Vechten, 5 Abb. Pr., 437; Worthington v. Hanna, 23 Mich., 531; Leland v. Collver, 34 Mich., 418; Eggleston v. Mundy, 4 Mich., 297.*

*Blair, Stone & Kingsley,* for defendant, cited: *Hamilton v. Rogers, 8 Md., 301; Otis v. Sill, 8 Barb., 102; Rowan v. Sharp's Rifle Manf. Co., 29 Conn., 282; 33 Conn., 577; 13 Metc., 17; 2 Story, 630; Leland v. Collver, 34 Mich., 418; Fowler v. Hoffman, 31 Mich., 215; Holly v. Brown, 14 Conn., 254.*

CAMPBELL, J:

The plaintiff sued Foster for the conversion of certain goods mortgaged to them by one Johnson on the 31st day of August, 1875. The mortgage covered expressly not only all goods then in store, but all other goods to be thereafter put there. The goods in question were not put there until the 4th of October, 1875. The mortgage was filed November 4th, 1875. Foster bought the goods on the 6th of November, in good faith, but with actual knowledge of the mortgage. The court below held that he held them free of the mortgage.

We need not inquire whether this would have been so if he had no such actual knowledge. As between the mortgagees and Johnson there can be no doubt the goods were bound, and the latter could not refuse to deliver them up. We know of no principle which puts a purchaser with notice on any better footing than his vendor. Foster was therefore guilty of the conversion charged against him.

The finding of facts shows the value of the property to have been one hundred and ninety-four dollars. The judgment below must be reversed, and judgment entered against Foster for that sum, with interest from February 17, 1877, the date of the finding, and costs of both courts.

The other Justices concurred.