JOHN ROBSON AND OTHERS v. THE MICHIGAN CENTRAL RAILROAD CO.

*Chattel Mortgages on Future Acquisitions.*

A chattel mortgage upon after acquired goods will hold against a *bona fide* purchaser with notice; he can have no better title than his vendor.

Error to Ingham. Submitted June 15. Decided June 15.

TRESPASS ON THE CASE against the company for damages arising from neglect to fulfill its duty as a common carrier in the transportation of certain goods described as "goods and chattels of the plaintiffs." The court below tried the case without a jury and found that on May 6, 1876, the plaintiffs had taken the goods on a debt from one Benedict, who, on December 25, 1875, had delivered to Messrs. Kellogg & Baker, creditors of his, a chattel mortgage on his stock in trade and on goods that should be afterwards acquired in keeping it up; that a part of the goods had been afterwards bought from the plaintiffs; that plaintiffs had actual knowledge of this mortgage as early as April 24, 1876; and that the mortgagees seized the goods and removed them from the 'depot where the plaintiffs had left them for transportation by the defendants. The court also found as a conclusion of law that the plaintiffs were not entitled to the goods at the time they were seized, since they had notice of the mortgage; that the mortgage gave the mortgagees

the power to seize the goods whenever the mortgagor should attempt to sell them otherwise than in the course of trade; that the mortgagees had a subsisting equity in the goods as against Benedict to seize them in payment of their debt; and that the plaintiffs took subject to this equity. Judgment was entered for the defendant, and plaintiffs brought error.

*Cowles & Cahill* for plaintiffs in error. A chattel mortgage cannot include property not in being, or not owned by the mortgagor at the time of executing the mortgage. 1 Pars. Cont., 571; Story on Bailments, § 294; Story's Eq. Jur., § 1040; Benj. on Sales, §§ 78-9; Bacon's Abr., tit. "Grants," D; Sheppard's Touchstone, tit. "Grant"; Schouler on Pers. Prop., 538; Hilliard on Mortgages, 336, 466; Hilliard on Sales, 11; Chitty on Cont., 528; *Reed v. Blades*, 5 Taunt., 222; *Gale v. Burnell*, 53 Eng. C. L. (7 Q. B.), 850; *Congreve v. Evetts*, 10 Exch., 298; *Lunn v. Thornton*, 50 Eng. C. L. (1 M. G. & S.), 379; *Hope v. Hayley*, 85 Eng. C. L., 830; *Moakes v. Nicolson*, 115 Eng. C. L., 290; *Purcell's Adm'r v. Mather*, 35 Ala., 570; *Skipper v. Stokes*, 42 Ala., 255; *Adams v. Tanner*, 5 Ala., 740; *Robinson v. Mauldin*, 11 Ala., 977; *Holly v. Brown*, 14 Conn., 255; *Rowan v. Sharps' Rifle M'fg Co.*, 29 Conn., 328; *Walker v. Vaughn*, 33 Conn., 577; *Calkins v. Lockwood*, 16 Conn., 285; *Rhines v. Phelps*, 8 Ill., 455; *Hunt v. Bullock*, 23 Ill., 325; *Gregg v. Sanford*, 24 Ill., 17; *Titus v. Mabee*, 25 Ill., 257; *Simmons v. Jenkins*, 76 Ill., 480; *Goodenow v. Dunn*, 21 Me., 86; *Chapin v. Cram*, 40 Me., 561; *Head v. Goodwin*, 37 Me., 187; *Hamilton v. Rogers*, 8 Md., 301; *Rose v. Bevan*, 10 Md., 466; *Wilson v. Wilson*, 37 Md., 11; *Winslow v. Mer. Ins. Co.*, 4 Mct., 306; *Jones v. Richardson*, 10 Met., 481; *Moody v. Wright*, 13 Met., 17; *Harding v. Coburn*, 12 Met., 333; *Henshaw v. Bank of Bellows Falls*, 10 Gray, 571; *Rice v. Stone*, 1 Allen, 566; *Bonsey v. Amee*, 8 Pick., 236; *Barnard v. Eaton*, 2 Cush., 294; *Codman v. Freeman*, 3 Cush., 306; *Pettis v. Kellogg*, 7 Cush., 456; *Low v. Pew*, 108 Mass., 347; *Grimes v. Rose*, 24 Mich., 417; *Farrington v. Bristol*, 35 Mich., 28;

*Ranlett v. Blodgett,* 17 N. H., 298; *Pierce v. Emery,* 32 N. H., 484; *Cudworth v. Scott,* 41 N. H., 456; *Otis v. Sill,* 8 Barb., 110; *Milliman v. Neher,* 20 Barb., 37; *Van Hoozer v. Cory,* 34 Barb., 9; *Gardner v. McEwen,* 19 N. Y., 123; *Jenckes v. Goffe,* 1 R. I., 511; *Chynoweth v. Tenney,* 10 Wis., 397; *Farmers' L. & T. Co. v. Com. Bank,* 11 Wis., 207; *Single v. Phelps,* 20 Wis., 398; *Mowry v. White,* 21 Wis., 417; *Bellows v. Wells,* 36 Vt., 599.

*Jno. D. Conely* for defendant in error, cited *American Cigar Co. v. Foster,* 36 Mich., 368. A mortgage is good as to after acquired property. *Brett v. Carter,* 14 N. B. R., 301; *Barnard v. N. & W. R. R. Co.,* Id., 469; the mortgage attaches as soon as the property comes *in esse,* and parties and privies and persons claiming under parties are bound. *Pennock v. Coe,* 23 How., 128; *Dunham v. C. P. & C. Ry. Co.,* 1 Wall., 267; *Langton v. Horton,* 1 Hare Ch. 549; *Galveston Railroad v. Cowdrey,* 11 Wall., 481; *United States v. N. O. R. R.,* 12 Wall., 364; *Butt v. Ellett,* 19 Wall., 544; *Seymour v. C. & N. Co.,* 25 Barb., 284, and cases cited on pages 290–1; *Field v. Mayor,* 6 N. Y., 179; *Benjamin v. Elmira, &c., R. R.,* 49 Barb., 441.

PER CURIAM. The facts in this case present the same question which was passed upon in *American Cigar Co. v. Foster,* 36 Mich., 368, decided at the last term. As the judgment of the court below was in accordance with that case, it must be affirmed with costs.