## PENN v. PELAN.

1. **Garnishment:** ANSWER: MUST BE MADE IN PERSON. Where a garnishee who had been notified to appear and answer, and who had been paid his fees as a witness, failed to appear in person but filed a sworn answer in writing, it was held that such answer was properly stricken from the files, and, in default of a sufficient showing in excuse, that judgment was correctly rendered against him for want of an answer.

*Appeal from Harrison Circuit Court.*

MONDAY, DECEMBER 8.

THE garnishee filed an answer duly sworn to, stating that he is not in any way indebted to the defendant P. D. Mickel, and does not owe him any money or property now due or to become due, and did not at the time of the service of the garnishee proceeding; that he has not and at the time of the service of the garnishment had not in his possession or under his control any property, rights or credits of said Mickel, and that he does not know of any debts owing to said Mickel, or any property, rights or credits belonging to him and now in the possession or under the control of others.

Afterwards he filed a motion to be discharged upon his answer.

The plaintiff then filed a motion to strike the garnishee's answer from the files, and for judgment, and as grounds of such motion he stated that the garnishee was duly served with written notice, and was paid his fee in advance, and by notice was required to appear in person on the first day of the term and to answer such questions as might be propounded to him; that he has failed to appear in person as the statute required, and that he is in default by reason thereof.

The motion of the garnishee to be discharged, and the motion of the plaintiff to strike from the files the garnishee's answer, and for judgment, coming on to be heard, the court overruled the garnishee's motion and sustained the motion of the plaintiff to strike the garnishee's answer from the files, and reserved the plaintiff's motion for judgment and allowed the garnishee to make a showing in excuse for his failure to appear in person.

For such excuse the garnishee showed that before the commencement of the term he removed to Chicago, where he still resides; that before removing he took the advice of his attorney, who informed and advised him that he could file an answer in writing which would obviate the necessity of his personal attendance, and that he relied upon such information and advice.

The court held the excuse to be insufficient, and rendered judgment against him for the full amount of the debt, to all which rulings the garnishee excepted, and he now appeals.

*P. D. Mickel*, for appellant.

*McMillan, Cochran & Bailey*, for appellee.

ADAMS, J.—It is the right of the garnishing creditor to personally examine the garnishee. Whether, upon a proper notice and showing, he may cause his answer to be taken before a person authorized to take depositions we need not determine, as such question does not arise. The garnishee's answer, we think, was properly stricken

1. GARNISHMENT: answer: must be made in person.

from the files. If when that was done the garnishee had appeared and offered to submit to an examination, although not upon the first day of the term, it would have been improper to render judgment against him as for default. But no such appearance appears to have been made at any time. The plaintiff, therefore, was entitled to judgment. Code, section 2979.

AFFIRMED.