WILE ET AL., APPELLANTS, v. BUTLER ET AL., APPELLEES.

CHATTEL MORTGAGES.

A mortgage of merchandise which permits the mortgagor to remain in possession of the goods and sell the same in the usual course of business, paying the proceeds to the mortgagee until the debt is extinguished, is valid in so far as the instrument is concerned, but its requirements must be carried out in good faith and to the letter. If by any agreement, oral or otherwise, the mortgagor is permitted to retain any part of the proceeds, the instrument is void, except as between the parties.

*Appeal from the County Court of Chaffee County.*

Mr. G. K. HARTENSTEIN, for appellants.

Mr. C. S. LIBBY, for appellees.

THOMSON, J., delivered the opinion of the court.

Butler Bros., appellees, brought suit against Hecht & Co.,

and attached a stock of goods in possession of the latter firm. The appellants, Wile Bros. & Co., intervened, claiming the goods by virtue of a chattel mortgage before that time given by Hecht & Co. to the intervenors, to secure a debt owing by Hecht & Co. to them. The mortgage covered the goods which were attached, and provided that the mortgagors might sell the mortgaged property, and that they should, after deducting the expenses of sale, pay the proceeds at once to the mortgagees, retaining nothing for themselves. Contemporaneously, however, with the execution of the mortgage, an oral agreement was made between the parties that the mortgagors might retain out of the proceeds of the sales, not to exceed $10 per week each, for the support of their families. This oral agreement gives rise to the only question in the case. A mortgage of merchandise which permits a mortgagor to remain in possession of the goods, and sell them in the usual course of business, paying the proceeds to the mortgagee until his debt is extinguished, has been repeatedly held to be valid, in so far as the instrument itself is concerned; but its requirements must be carried out in good faith, and to the letter, otherwise the instrument, which the law intends merely as a security for an indebtedness, might be used by the mortgagor as a weapon to protect him against the enforcement of other just demands. That it may not have that effect, the moneys arising from the sale of the property must be turned over to the mortgagee until the mortgage debt is paid; and if, either by the terms of the mortgage itself, or by any agreement, oral or otherwise, the mortgagor is permitted to retain the proceeds, in whole or in part, for his own benefit, the effect is manifestly injurious to creditors, and in fraud of their rights; and such an agreement, no matter when made, or in what form, except as between the parties themselves, destroys the lien of the mortgage, and renders the instrument void. In this case, the amount which might be retained by the mortgagors was limited to $10 per week each, but it is immaterial whether the amount was limited or unlimited, or how great or small the limit fixed. It is not the extent to which such applica-

tion of the proceeds might go, but the fact that it was permitted at all, which is decisive of the case. The judgment of the court below, being in favor of the plaintiffs, and against the intervenors, is affirmed.

*Affirmed.*