MEYER BROS. DRUG COMPANY, Appellant, v. W. B. SELF, Defendant; ELI PENTER, Interpleader.

Kansas City Court of Appeals, December 5, 1898.

1. **Chattel Mortgage:** FAILURE TO RECORD: CREDITOR'S RIGHT. Where a chattel mortgage is recorded long before the creditor's debt was created, he can not complain of its having been withheld from the record for some time after its execution, otherwise the creditor whose debt is created between the execution and the recording.

2. **Appellate and Trial Practice:** INSTRUCTION: FINDING: COMPLAINT. An appellant can not complain of the soundness of a legal proposition which he embodied in an instruction which the court gave and then found the facts against him.

3. ———: ———: ———: EVIDENCE: MORTGAGEE'S ESTOPPEL. Where the trial court at appellant's instance submits his contention in an instruction and finds the facts against him and there was evidence to support the finding, the appellate court will not interfere. In this case the contention of the mortgagee's estoppel by failing to claim property when giving a delivery bond in an attachment against the mortgagor is properly submitted in an instruction and there is evidence to support the finding against him.

MOTION FOR REHEARING.

4. **Chattel Mortgage:** DESCRIPTION: INVENTORY. Where a chattel mortgage after describing the property refers to an inventory which is not recorded with the mortgage, the validity of the description must be determined by the mortgage and not by the inventory, and the description set out in the opinion is held a sufficient description without reference to the inventory referred to.

5. ———: TAKING POSSESSION: NEW PLEDGE. The chattel mortgage of a stock of goods is good between the parties although the mortgagor remains in possession and sells for his own use, and the mortgagee may at any time take possession without the consent of the mortgagor and such taking possession is not a new pledge of the property, for the mortgage transfers the title while a pledge transfers the possession.

*Appeal from the Boone Circuit Court.*—HON. J. A. HOCKADAY, Judge.

AFFIRMED.

E. W. HINTON and WEBSTER GORDON for appellant.

(1) In order to be effective, the description in a chattel mortgage must be sufficiently definite to apprise all persons interested with reasonable certainty of the exact property conveyed. Goddard v. Jones, 78 Mo. 518; Stonebreaker v. Ford, 81 Mo. 532; Bozeman v. Fields, 44 Mo. App. 432. (2) The conduct of the mortgagee in permitting the mortgagor to remain in possession of the mortgaged stock of goods, and to dispose of them in the ordinary course of business for his own profit, where he was given a fictitious credit, rendered the mortgage fraudulent in fact. Bank v. Powers, 134 Mo. 432 loc. cit. 445; Petring v. Chrisler, 90 Mo. 649; Bullene v. Barrett, 87 Mo. 185; Mercantile Co. v. Parkins, 63 Mo. App. 310; Hisey v. Goodwin, 90 Mo. 366; Russell v. Rutherford, 58 Mo. App. 550; Dry Goods Co. v. Brown, 73 Mo. App. 245. However it was urged below that the mortgagee's possession cured this objection, and the case of Barton v. Sitlington, 128 Mo. 164, was relied on as an authority to support this position. Williams v. Kirk, 68 Mo. App. 462. (3) Even if the fraudulent character and effect of the mortgage could have been cured by the mortgagee's taking possession, no sufficient change of possession was shown. Wright v. McCormick, 67 Mo. 426; Stewart v. Nelson, 79 Mo. 524. (4) The interpleader is estopped to claim the goods by reason of his failure to do so at the time of the levy, etc. Bradley & Co. v. Beau, 20 Mo. App. 111; Mansur v. Hill, 22 Mo. App. 372; Bigelow on Estoppel [4 Ed.], p. 543.

McKeighan, Barclay & Watts and E. W. Hinton and Webster Gordon for appellant.

(1) The chattel mortgage on which the interpleader relies did not impart notice to the plaintiff as a creditor of Self under the law in regard to chattel mortgages. An "express statute," Revised Statutes 1889, section 5176, declares that no deed of trust of personal property shall be valid against any other person than the parties thereto, unless possession be delivered or "unless the mortgage or deed of trust be acknowledged or proved and recorded." One great question in this case is whether the mortgage, of which the record would impart notice to creditors, was ever recorded? Now, it appeared in evidence that that inventory was never recorded with the conveyance, nor was it recorded in any way, at any time. Mastin v. Stoller, 107 Mo. 317; Evans v. Graden, 125 Mo. 72; Nelson v. Brodhack, 44 Mo. 603; West v. Bretelle, 115 Mo. 659; Dolde v. Vodicka, 49 Mo. 100; McCullock v. Holmes, 111 Mo. 447; Clamorgan v. Railway, 72 Mo. 139; Shirras v. Caig, 7 Cranch, 48. (2) Throughout the case it appears that Self remained in possession of the property with the consent of the present interpleader, sold the goods covered by the mortgage in the usual course of business, and replenished the stock from time to time. It is well settled by decisions of our courts of last resort that such a course of dealing vitiates the mortgage security because it is considered fraudulent in fact as to creditors. Smith v. Ham, 51 Mo. App. 433; Mercantile Co. v. Perkins, 63 Mo. App. 310. It may be urged in answer to this contention that the possession taken under the chattel mortgage would cure the fault of which we complain, but we think that answer may be parried by another thought

(which has received no consideration as yet by the court) through inadvertence on the part of appellant. A pledge requires competent parties, and the interpleader could not, by merely taking possession of property of a person so unsound as to be a fit subject for an insane asylum (where he soon afterwards dies) acquire any greater rights (by reason of such a taking of possession) than he had by virtue of his chattel mortgage alone.

C. B. SEBASTIAN for respondent.

(1) The description in the mortgage is sufficient. It not only contained the usual description given of such property, but mentioned the place where it was kept, and, in addition, referred to an inventory. This would enable third persons to identify the property. This clearly brings it within the rule laid down by our courts. McNichols v. Fry, 62 Mo. App. 13. (2) All the other questions raised by appellant were submitted to the court upon declarations of law which were very favorable to appellant, and were given by the court who tried the case sitting as a jury. So there is no question of law before this court for review. Appellant's abstract of the evidence is condensed, and its probative force weakened, by reducing it to the narrative form. But it clearly shows that the finding and judgment were for the right party. (3) Appellant virtually concedes that all objections to the mortgage were cured by the possession taken by the interpleader. But contends that the interpleader is estopped by his failure to claim the property at the time of the levy, and by his giving a bond. The trial court, in giving appellant's fourth declaration of law, recognized all the principles applicable to this contention, but found the facts did not sanction the

contention. This finding is fully sustained by the evidence.

ELLISON, J.—This action was brought by attachment wherein a stock of drugs was attached as the property of defendant Self. Interpleader claimed the property under a chattel mortgage executed to him by Self and a trial of his title resulted in his favor. Plaintiff appeals.

We pass over the objection made by plaintiff as to the sufficiency of the description in the mortgage with the remark that the description is ample to support the conveyance.

The mortgage was executed in January, 1893, and recorded in May of that year. Plaintiff's claim against Self did not arise until long after the recording and consequently we rule that withholding the mortgage from record for the time stated, did not affect its validity as against this plaintiff, since its action in dealing with Self could not have been founded on the absence of the mortgage from the record. If during the time the mortgage was withheld from record plaintiff, being misled, had permitted Self to become indebted to it, then the question would have been similar to Williams v. Kirk, 68 Mo. App. 462, and that of Barton v. Sitlington, 128 Mo. 174. But such was not the case.

CHATTEL mortgage: failure to record: creditor's right.

Interpleader seems to have permitted Self to remain in possession from the time the mortgage was given until November 30, 1896, a short while before the attachment was levied, when he took possession, as we must assume, since the finding in his favor.

On December 16 the attachment was levied and interpleader giving a forthcoming bond remained in possession, when on December 21, 1896, he sold the

goods under the mortgage and purchased
<span style="font-variant: small-caps">Appellate</span> and them at the sale. It was while Self re-
trial practice:
instruction: mained in possession by interpleader's per-
finding: com-
plaint. mission, that plaintiff's account was made
with Self. Plaintiff contends that inter-
pleader permitted Self to thus remain in possession and
deal with the goods as his own, that it deceived plain-
tiff and caused the credit to be extended, notwithstand-
ing the mortgage was recorded, and that the mortgage
thereby became fraudulent in fact. We are relieved
from expressing any opinion on the soundness of this
contention as a legal proposition, since the court at the
instance of plaintiff embodied the proposition in in-
struction number 5 and yet found the fact against
plaintiff, of which he has now no right to complain.

Plaintiff further contends that the possession taken
by interpleader was not such open and notorious pos-
session as to be effective under the statute. This was
also submitted by instructions and passed upon on the
facts.

But it is further claimed by plaintiff that inter-
pleader by giving the delivery bond on the attachment
being levied is estopped now to assert that the goods
were his and not Self's. This point is also
evidence: mort- not well taken from the fact that the court
gagee's estop-
pel. gave at plaintiff's instance the following
intruction: "The court declares the law
to be that if at the time of the levy of the writ of
attachment in this case the interpleader did not assert
any claims or right to the attached property but gave a
forthcoming bond for the same; and that the sheriff
by reason of interpleader's failure to make or assert
any claim to such property refrained from levying upon
other property of the defendant not embraced in such
mortgage then the verdict must be for the plaintiff in
attachment."

<span style="font-variant: small-caps">Vol.</span> 77 app—19

The court must have found there was no ground to charge interpleader with deceiving the sheriff, or that he concealed his claim to them from the sheriff. The contrary clearly appears. The whole case shows that there was no endeavor on the part of interpleader to conceal his ownership. His claim was not only of record but was well known. We think the court's finding is amply supported by the case of Petring v. Chrisler, 90 Mo. 659.

After an examination of the record and points made against the judgment we find no reason justifying us in disturbing it and hence order its affirmance. All concur.

ON MOTION FOR REHEARING.

ELLISON, J.—We are asked to grant a rehearing in this cause chiefly on the ground that we erred in holding the description of the property to be sufficient. The point made is that the description refers to an inventory of the goods, making it a part of the mortgage, and that the inventory did not accompany the mortgage and was not recorded. The description contained in the mortgage is as follows:

"The following described stock of drugs, etc., now in the brick store house in Ashland, occupied at this date by the said W. B. Self. Said stock of drugs, medicines and other merchandise more fully described in an inventory of said goods taken on January 9th, 1893, which inventory is here made a part of this conveyance. There is also included in this conveyance all the furniture and fixtures of the said Self in his drug store, as follows: Prescription scales, counter scales, scales, clock, coal oil stove, 2 square show cases, 3 oval show cases, cigar case, 3 counters, prescription case, coal stove, dispensatory, safe, coal oil tank, screen doors;

also all other goods, furniture and fixtures not herein mentioned but which are described in said inventory. This conveyance also to include all goods purchased hereafter and brought into said store by said Self.''

If this description depended alone upon the inventory, or, if it was unintelligible without the inventory, there would be no description and the mortgage would be invalid. But the description, though partly general, is specific, full and complete without the aid of the inventory. So it seems to be settled law that, though the schedule does not accompany the mortgage, the latter will yet be valid if it contain a sufficient description without the schedule. Jones on Chattel Mort., secs. 73, 74, 75; Pingrey Chattel Mort., secs. 151, 152; Cobbey's Chattel Mort., sec. 164; Herman's Chattel Mort., sec. 41. By giving a fair interpretation to the language making up the description, it is clear that the deed itself conveys a stock of drugs and medicines, then (at date of mortgage) in a brick store house occupied by the mortgagee in the town of Ashland; together with scales, stove, show cases, counters, etc. It is true that the description refers to other goods and furniture not mentioned in the deed, but embraced in the inventory. If there was any such property it would not be conveyed as against third parties, on account of there being no inventory. But such result would follow if there had been other property not included in the deed and no reference to an inventory at all. The deed merely fails in an attempt to include other property than that described. As to the property described in the deed itself, viz.: the stock of drugs, scales, counters, etc., the lack of an inventory is of no consequence. The inventory was only to contain a fuller description. But a fuller description, as we have seen, was not necessary.

*CHATTEL mortgage: description: inventory.*

The following description in a deed of assignment was held good, although no inventory was made or annexed to the deed, viz.: "All and every the household goods, furniture, plate, linen, china, books, stock in trade, brewing utensils, and all other the effects of her, Joan Mason, the particulars whereof to be more fully set forth and expressed in an inventory thereof signed by the said Joan Mason, and thereunto annexed." England v. Downs, 2 Beav. 522. While that case did not involve a question of the rights of creditors, under registration laws, yet it illustrates the point we have stated, that if the description of the property is sufficient without the inventory, the inventory is not essential. But Winslow v. Ins. Co., 4 Met. 306, was a contest between mortgage creditors and a holding was made to the same effect. See, also, Van Hensen v. Radcliff, 17 N. Y. 580.

Plaintiff cites some authorities on the general proposition that when a contract or deed refers to a schedule, specification or inventory they become a part of the contract or deed. We do not think these militate against what we have said. But plaintiff cites us to the case of Shirras v. Caig, 7 Cranch, 48, which we think to be authority in support of our views. The case involved a description in a deed to real estate as follows: "All that lot of land, houses and wharfs in the city of Savannah as is particularly described by the annexed plat, and is generally known by the name of Gairdner Wharf." The plat was neither annexed to the deed, nor recorded. The plat in fact contained two lots. The court held that the description in the deed itself was sufficient to convey the lot known as Gairdner's Wharf with the houses thereon, notwithstanding the absence of the plat. So, if we apply that case to the one at bar, we find, as before stated, that the

mortgage here is valid as to all the property therein described.

II.   It is also urged as a reason for a rehearing that the possession taken of the property by interpleader will not have the effect to relieve it of the fact that Self was allowed by interpleader to remain in possession and sell in the ordinary course of business.   The reason assigned

*——: taking possession: new pledge.*

for this contention is that the possession taken must be the concurrent act of the two parties, mortgagor and mortgagee.    That the transaction amounts to a pledge and that as Self was shown to be of unsound mind when interpleader took possession he could not have consented thereto and hence the act of taking possession was not a pledge and was without effect.   This contention is wholly unsound.  The mortgage notwithstanding any agreement that the mortgagor could remain in possession and sell for his own use, was valid between the parties.    The mortgagee does not need the consent of the mortgagor to take possession after condition broken.   He can take possession as he may.   He can replevin the property.    He may take it wherever he finds it.   It is his property.   In the cases of Greely v. Reading, 74 Mo. 309, Petring v. Chrisler, 90 Mo. 649, and Dobyns v. Meyer, 95 Mo. 132, possession was given the mortgagee by the mortgagor or his representative, but we do not understand that the efficacy of possession comes from the consent of the mortagor that possession may be taken.   As before stated, possession may be taken by the mortgagee by resort to the law based on the mortgage and yet it would hardly be contended that such possession would not be just as efficacious, so far as determining the rights of subsequent attaching creditors as if it had been consented to by the mortgagor.    Again, taking possession is not a new

pledge, or contract between the parties. The mortgage is still the operative contract between them and their rights in foreclosure are governed by its terms. The effective force given to the possession is to validate as to creditors that which would have been invalid as to them, but it does not in the least aid the force of the instrument or add to the security, so far as the parties to it are concerned. To say that where the mortgagee takes possession under a mortgage, valid between the parties, it amounts to a new pledge, is to say that by that act the mortgagee surrendered the title to the property for a mere right of possession. For a mortgage transfers the title, while a pledge transfers the possession. Jones on Chat. Mort., secs. 4 and 7.

The other judges concurring the motion will be overruled.