TOLLERTON & STETSON COMPANY, Appellant, v. A. G.
ANDERSON, THE NORTHWESTERN STATE BANK, and
A. J. HOGAN *et al.*

| 108 | 217 |
| 113 | 668 |

**Foreclosure of Chattel Mortgage: SALE AT RETAIL.** Under a chattle mortgage on a stock of merchandise authorizing a foreclosure by private sale either in bulk or by single article, the mortgagee may, in the absence of bad faith, sell at retail in the ordinary course of business.

**RIGHTS OF JUNIOR:** *Estoppel.* A junior chattel mortgagee cannot complain that the senior mortgagee, in foreclosing, sold the goods for country produce instead of for cash, where the produce was converted into cash and credited.

**SAME.** Where a junior chattel mortgagee advised the senior mortgagee in foreclosing to keep up the stock, and sold to him merchandise to be resold in connection with the mortgaged goods, he cannot complain of the senior mortgagee's making purchases and reselling in connection with the sale of the mortgaged stock; and, at any rate, cannot thereby obtain priority, or have the senior mortgage invalidated.

**DELIVERY:** *Estoppel.* A junior chattel mortgagee, whose mortgage is by its terms made subject to the senior mortgage, cannot complain that the latter was not delivered until after his own had taken effect

**RELEASE OF HOMESTEAD:** *Marshaling assets.* A junior chattel mortgagee was not prejudiced by the senior mortgagee releasing a mortgage for the same debt on the mortgagor's homestead, because resort to the homestead to satisfy the debt would not have been permitted until after the exhaustion of the other security.

**BOOK ACCOUNTS:** *Expense of collection.* Where a chattel mortgage on book accounts authorized the mortgagee to collect them, and the latter employed an agent to do so, the agent's reasonable commissions for making the collections were properly allowed as expenses of the foreclosure.

**CONSTRUCTION OF MORTGAGE.** A chattel mortgage on the fixtures and furniture in a store, used in carrying on a merchandise business, includes a safe.

*Appeal from Sioux District Court.*—HON. F. R. GAYNOR, Judge.

SATURDAY, APRIL 8, 1899.

ONE John Ring, engaged in doing a general merchandise business at Hawarden, became financially embarrassed, and to secure his creditors executed a chattel mortgage on his stock of goods to the defendant A. G. Anderson, another to the Northwestern State Bank; and still another to plaintiff, on the same property, and also covering books of account. Plaintiff's mortgage was made, by its terms, subject to the other mentioned mortgages on the stock, and also subject to a mortgage to one Hogan on the books of account. Anderson and the Northwestern State Bank took possession of the stock of goods under their mortgages, and proceeded to sell the same for the payment of their respective debts. Hogan took possession of the book accounts, and collected the same to satisfy his claim. The contention here, briefly stated, is that Hogan's mortgage is invalid as against plaintiff, and that the other mortgagees have proceeded in such an irregular manner as to make themselves liable as for a conversion of the mortgaged property, or at least to render themselves liable to account for the value of the goods, which, it is said, is much more than what was realized. The prayer of plaintiff is that its mortgage be foreclosed, that defendants be required to account, and that plaintiff's lien be decreed superior to that of either of the defendants named. There were some other issues which we shall set out in the course of the opinion. The district court entered a decree of foreclosure on plaintiff's mortgage, but denied the other claims made. Plaintiff appeals.—*Affirmed.*

*Shull & Farnsworth* for appellant.

*G. W. Pitts* for appellees Anderson and the Northwestern State Bank.

WATERMAN, J.—There is no dispute as to the original order of priority of these liens. It is as we have stated.

The mortgages under which possession was taken contained a clause "that in case of default made in the payment of the above-mentioned promissory note, * * * or whenever the said mortgagees shall choose so to do, then, in that case, it shall be lawful for said mortgagee or his assigns, by himself or agent, to take immediate possession of said goods and chattels, wherever found, * * * and to sell the same at public auction or private sale, and either in bulk or by single article, and with or without notice. * * *"

It is insisted that this did not confer power to sell at retail in the ordinary course of trade; and that was what was done. In *Johnston v. Robuck*, 104 Iowa, 523, it is said that a sale at retail, under a power quite similar in terms, is not unlawful where bad faith is not shown. And we may say there is nothing in the case at bar to indicate bad faith on the part of defendants.

It is further charged that, in selling these goods, defendants took country produce in exchange. The produce received amounted, in all, to some forty or fifty dollars. It was converted into cash and so credited up. The result is such that no just ground of complaint is afforded.

During these sales, in order to keep up stock, defendants purchased small quantities of oil, from time to time, which they sold and accounted for, and this action is made the subject of attack. We do not think plaintiff is in any situation to criticise this course, for it advised the purchase of goods to replenish the stock, and, if we correctly understand the record, it sold one bill of sugar to the mortgagees while they were in possession. But if all these things had been done without authority, the effect would not be to give plaintiff's mortgage priority over those of Anderson and the bank. All that could be claimed by the junior lienholder would be that defendants must account for the value of the goods. *Chaffee v. Lumber Co.*, 43 Neb. 224 (61

N. W. Rep. 637). Some of the goods taken by the defendants were destroyed by a flood, for which it does not appear they were in any way responsible. Including this amount, three hundred and twenty-eight dollars and eight cents, and we think the value of the goods taken has been fully accounted for.

II. Plaintiff claims an iron safe as not included in the mortgages to Anderson and the bank. The descriptions in these two mortgages are practically the same. Both cover the stock of merchandise, giving the location of the building wherein it is contained, and then in each follows this clause: "Also all the fixtures of every kind, and furniture of every kind owned by me and used in and about said store and in carrying on said business." The safe was used in the store in connection with the business. Under the rule announced in *Brody v. Chittenden,* 105 Iowa, 524, the safe is included in the term "furniture," as found in these instruments.

III. Next, as to the Hogan claim. It seems that Hogan had a mortgage on the homestead of Ring; that the chattel mortgage on the book accounts was made to him at the time of the execution of the other mortgages, without his knowledge, and was delivered to a third party for him. This person had no authority from Hogan to receive it. Shortly after this, Hogan came upon the scene, representing another creditor, Lindeke, Warner & Schurmeier. Hogan accepted the chattel mortgage, released his mortgage on the homestead, and induced Ring to execute another mortgage on the homestead to Lindeke, Warner & Schurmeier to secure their claim.

A number of reasons are assigned for assailing Hogan's lien on book accounts. *First,* it is said there was no delivery of his mortgage until after plaintiff's mortgage took effect. In our opinion, plaintiff is in no position to urge this claim, because its mortgage was expressly made, by its terms, subject to the mortgage to Hogan.

Again, it seems to be claimed that appellant has acquired some rights as against Hogan because of his release of the mortgage on the homestead. The doctrine of marshalling assets is sought to be invoked. But this does not obtain except when it can be enforced without injustice to the creditor. Hogan could not have been compelled, nor indeed would he have been permitted, to resort to the homestead, until his other security was exhausted. *Dickson v. Chorn*, 6 Iowa, 19; *Linscott v. Lamart*, 46 Iowa, 312.

Finally, it is said the court erred in allowing commission for the collection of the accounts. Hogan, it seems, gave the accounts to an agent to collect. This he had a right to do. The agent charged for his services, and the amount was reasonable. We think the allowance was proper.

These charges are not in the nature of attorney's fees, but rather come under the head of expense of foreclosure. It is true, the accounts might have been put up at public sale, but the expense of this would have been as much or more than was incurred by the plan pursued, and the amount realized would quite likely have been less. Beside these considerations, we may add that Hogan's mortgage gave him express authority to collect the amounts.

Some other questions are presented, relating to the amounts allowed by the court for expense of selling the merchandise. We discover no error in the court's action in these respects.—AFFIRMED.