J. H. LINGENFELTER, doing business under the name of DES MOINES ROOFING COMPANY, v. IOWA TELEPHONE COMPANY AND F. M. GARTHWAIT, Defendants, IOWA TELEPHONE COMPANY, Garnishee, Appellant.

Garnishment: EXAMINATION OF GARNISHEE: JUDGMENT. Upon the failure of a garnishee to appear and submit to an examination, where his answers have not been taken by the sheriff at the direction of the plaintiff, judgment may be entered against him even though he has filed an answer to the petition.

Same: DIVERSION OF FUNDS. Where the funds of a debtor have by agreement been left with a garnishee for a specific purpose, the garnishee has no right to divert the same to the satisfaction of his individual claims.

*Appeal from Folk District Court.*— HON. W. H. MC-HENRY, Judge.

WEDNESDAY, NOVEMBER 14, 1906.

APPEAL from a judgment against the Iowa Telephone Company, garnishee of F. M. Garthwait. *Affirmed.*

*N. T. Guernsey,* for appellant.

*Allen & Lingenfelter,* for appellee.

SHERWIN, J.— The Iowa Telephone Company was garnished as a supposed debtor of F. M. Garthwait, against whom the Des Moines Roofing Company held a judgment, the garnishment being made under an execution issued on said judgment. The Iowa Telephone Company filed its

answer as garnishee, denying any indebtedness to the defendant Garthwait, and to this answer the plaintiff filed a reply alleging that the garnishee was indebted to Garthwait in a certain sum which was held by it under an agreement that is was to be used for the express purpose of paying any claim or judgment which might arise in favor of the Des Moines Roofing Company and against the defendants or either of them herein. The plaintiff then obtained an order requiring the garnishee to appear in court and answer such questions as might be propounded to it, which order the garnishee moved to have set aside on the ground that issue had been joined, and the motion was overruled. The telephone company then appeared by its secretary in open court, and answered the questions propounded to it. It also filed an amendment to its answer setting up the agreement under which certain funds were left with it by Garthwait and stating that it had applied same in payment of a debt due it from Garthwait. The agreement referred to recites in substance that the Des Moines Roofing Company had filed a lien against the property of the telephone company for $185; that the claim was in litigation, the Iowa Telephone Company and Garthwait being parties defendant; and agreeing that the Iowa Telephone Company might retain the sum of $185 to be held pending final settlement of the litigation, said sum then to-be paid over to the proper party, " as directed by the court." The plaintiff's motion for judgment against the garnishee on the pleadings and answers was sustained, and judgment entered for the sum of $185.

There was no prejudicial error in requiring the garnishee to appear and submit to an examination after it had filed its answer. Code, section 3935, requires the garnishee to personally appear and answer, unless his answers have been taken by the sheriff by direction of the plaintiff, and we have held that if he fails to do so in response to notice, default may be entered against him notwithstanding the fact that he has

1. GARNISHMENT: examination of garnishee: judgment.

filed an answer to the petition. *Penn v. Pelan*, 52 Iowa, 535. Furthermore, the amendment to the answer filed by the garnishee disclosed the agreement it had made with Garthwait, which was in substance the testimony of its representative on the examination.

The principal complaint of the appellant is that the court erroneously rendered judgment for the plaintiff on the pleadings and answers. But we discover no merit in its contention. A fair construction of the writ-2. SAME: diver-  ten agreement leaves no doubt in our minds sion of funds.  that it was the intention of the parties that the money deposited with the garnishee should be applied in payment of the claim of the plaintiff then involved in the litigation referred to therein. This being true, the garnishee had no right to divert the fund to the payment of its individual claim against Garthwait. Where money is accepted with an agreement to apply it to a specific purpose it cannot be thus diverted. *Hall v. Marston*, 17 Mass. 575; *City of Lincoln v. Lincoln Street Railway Co.*, 67 Neb. 469, 188 (93 N. W. 766); *Stewart v. Hopkins*, 30 Ohio St. 502; *Wilson v. Dawson*, 52 Ind. 513; *U. S. Bank v. Macalester*, 9 Pa. 475. It may fairly be gathered from the pleadings and answers that the fund was deposited for the purpose of paying the judgment involved in the garnishee proceedings, and if such be the case, there is no substantial reason why the court should not so order in this garnishment proceeding.

The judgment is right, and it is *affirmed*.