OF THE

STATE OF IOWA

AT

DES MOINES, MAY AND SEPTEMBER TERMS,
1909.

AND IN THE SIXTY-THIRD YEAR OF THE STATE.

---

CHARLES WORLEY, Plaintiff, and CHARLES WORLEY as
Trustee of the Estate of A. W. SHEPPARD, Bankrupt,
Intervener, Appellants, v. A. W. SHEPPARD, Defend-
ant, and JOHNSON SHEPPARD.

**Appeal:** QUESTIONS WHICH WILL BE REVIEWED. Where the parties
by their arguments have eliminated all matters relating to certain
issues, the appellate court will consider only such issues as they
have elected to submit as controlling.

**Garnishment:** FRAUDULENT CONVEYANCES: TRIAL: REVIEW. The trial
in a garnishment proceeding of the fraudulent character of a
conveyance of personalty is by ordinary proceeding, and where
the finding has substantial support in the evidence it will not be
disturbed on appeal.

**Fraudulent conveyances:** REMEDIES. The remedy provided by Code,

VOL. 143 IA.—1.

section 3979 *et seq.*, for attachment and execution on mortgaged property is not an exclusive remedy, for it is provided by section 3988, as amended, that nothing contained in the chapter shall affect the right of a creditor to contest the validity of a mortgage in any other way.

*Appeal from Delaware District Court.*—Hon. Franklin C. Platt, Judge.

FRIDAY, JUNE 4, 1909.

On July 10, 1897, A. W. Sheppard executed his promissory note to P. P. Curtis, who afterwards assigned it to Chas. Worley. The latter recovered judgment against said Sheppard for $956.12 in March, 1905, and in June following caused execution to issue, and Johnson Sheppard and Fred Fife to be garnished. Fife answered that he was indebted to the judgment defendant in the sum of $25, and Johnson Sheppard answered that he was a brother of the judgment defendant, but owed him nothing; that he had a mortgage on three horses and a colt belonging to his brother executed August 13, 1904, to secure the payment of $500 a part of which was in settlement for rent, and the remainder loaned him; that he had sold the colt for $85 without indorsing that sum on the note, and the horses were worth $450; that he also had purchased of his brother a quarter section of land in Nebraska, without seeing it, for which he paid $800; that he knew of his brother and Curtis giving a note for a patent, and Curtis paying his brother's half of it (for which the note to Curtis was executed), but was not aware of the last until after paying the money for the Nebraska land. On March 19, 1906, plaintiff controverted the answer of the garnishee by alleging that the chattel mortgage referred to was executed in fraud of the creditors of A. W. Sheppard, in which the garnishee participated, and also that the transfer of the land was with

like purpose; that both transactions were without con-
sideration, and judgment was prayed in an amount equal
to the values of the property involved. On April 28, 1906,
the garnishee made further answer that the court was with-
out jurisdiction for that in the fall of 1905 A. W. Shep-
pard had been declared a bankrupt; that hearing for his
discharge was set for March 31, 1906, and this plaintiff,
whose claim on the said judgment had been allowed, ob-
jected to said discharge, and his objections are still pend-
ing, and further that said plaintiff had caused said bank-
rupt to appear before the referee in bankruptcy, and to
be examined touching the concealment of the identical
property herein mentioned, which had not been scheduled
as a part of his assets, and said referee failed to find such
concealment. The judgment defendant raised like ques-
tions by his answer, and pleaded such an action could
only be prosecuted by the trustee in bankruptcy for the
benefit of all creditors. By way of reply plaintiff admit-
ted the facts so set up, but alleged that on June 12, 1905,
execution issued on said judgment was levied on two of
the horses mentioned, that Johnson Sheppard served notice
on the sheriff of the existence of said mortgage, and on
July 20th following said Sheppard gave the sheriff a re-
ceipt for said horses, promising to deliver them on de-
mand, and that said levy and garnishment were more than
four months prior to the beginning of bankruptcy pro-
ceedings, but denied that the bankrupt had been examined
before the referee touching the concealment of the property
in controversy at plaintiff's instance, or that there had
been such investigation. On October 18, 1907, Chas. Wor-
ley as trustee in bankrupt filed a petition of intervention,
reciting that A. W. Sheppard had been adjudged a bank-
rupt October 16, 1906, and averred that as such trustee
he was entitled to all the property, save that on which
plaintiff had a lien more than four months prior to said
date, and made sufficient allegations of fraud with refer-

ence to the chattel mortgage and the Nebraska land, describing it, and that Johnson Sheppard had money and property of the bankrupt of the value of $1,300 for which he asked judgment. November 16, 1907, Johnson Sheppard answered said petition of intervention by alleging that, at and prior to the levy of the execution, he was owner of the span of sorrel horses, and continued to be such owner; that since then he has sold the other for $160; that he purchased said horses and others in the fall of 1905 from the said bankrupt, giving in payment the note and chattel mortgage heretofore referred to, and that at the time of executing said mortgage said horses were exempt to the bankrupt as the head of a family. On hearing the petition and the petition of intervention were dismissed. The plaintiff and intervener appeal.—*Reversed.*

*Henry Bronson,* for appellants.

*Hugh Clemans,* for appellees.

LADD, J.—Charles Worley recovered judgment against S. W. Sheppard in March, 1905, on a debt originating in 1892. In June following execution was issued, and John-

1. APPEAL: questions which will be reviewed.

son Sheppard served with notice of garnishment. The garnishee answered that he had in his possession three horses and a colt belonging to the judgment debtor on which he held a chattel mortgage to secure the payment of a note of $500 given to him in settlement for rent due and borrowed money. The plaintiff controverted this answer by alleging the fraudulent character of the mortgage, and also assailing the conveyance of a quarter section of land in Nebraska as fraudulent, and praying judgment for the value of the land and horses. The trial court held that the title to the land could not be questioned in the proceeding, and that it was unnecessary to determine whether

the trustee in bankruptcy was entitled to relief rather than the judgment plaintiff. The judgment was the only claim filed in the bankruptcy proceedings, and this may account for the indifference of the parties as to whether plaintiff or intervener shall succeed, for, though the trustee appealed, no argument appears in his behalf; it being said merely that the conclusion of the district court was against the weight of the evidence. But the trustee joined the judgment plaintiff in arguing that the remedy pointed out by section 3979 *et seq.* of the Code in relation to the levy of a writ of attachment, or of execution on mortgaged property, are not exclusive as a remedy, and insisting that, inasmuch as the district court found the mortgage fraudulent, judgment should have been rendered against the garnishee for the value of the horses. The appellees respond only by asserting that the evidence failed to show the fraudulent character of the mortgage. In view of these arguments all matters relating to the bankruptcy proceedings, and the trustee therein must be regarded as eliminated from our consideration, and attention may be directed to the issues which the parties have elected to submit as controlling.

The district court found the mortgage to have been fraudulent, and, without reviewing the evidence in detail, it is enough to say that a careful reading of the record **2. GARNISHMENT:** has not raised a doubt as to the correctness **fraudulent conveyances:** of this conclusion. Moreover, trial in such **trial: review.** a case is by ordinary proceedings, and the finding has such support in the evidence as to preclude any interference by this court.

The district court was mistaken in thinking that the remedy provided by the cited sections is exclusive, for **3. FRAUDULENT** section 3988 of the Code, and as amended **CONVEYANCES:** by Acts 27th General Assembly 1898, chap- **remedies.** ter 104, expressly provides that nothing in this "chapter contained shall be construed to forbid or

in any way affect the right of a creditor to contest in any other way the validity of any mortgage." And this court has so decided. *Citizens' State Bank v. Council Bluff's Fuel Co.*, 89 Iowa, 618; *Singer Piano Co. v. Walker*, 113 Iowa, 664. See *Brainard v. Van Kuran*, 22 Iowa, 262. Since the service of notice, the garnishee has sold the colt for $85, and one of the horses for $150. The testimony that the sorrel team was worth $300 is undisputed.

The cause will be remanded, with direction to enter judgment for the above sums, with interest from December 18, 1907.—*Reversed.*