### No. 9094.

### SHARP *v.* HOLLISTER.

1. CHATTEL MORTGAGE—*Of Merchant's Stock,* with provision that until default the merchant shall retain possession, "and use and enjoy the same," is void as to creditors and subsequent purchasers —and even as to the fixtures where these are included.
2. —— *Second Mortgage Subject to First.* Such mortgage is valid between the parties, and valid as against a second mortgage of the same tenor, "subject to" the first. The second mortgagee in such case is not to be regarded as a creditor or purchaser for value.

*Error to Lake County Court, Hon. John P. Allen, Judge.*

Messrs. HOGAN & BONNER, for plaintiff in error.

Mr. Jos. W. CLARKE, for defendant in error.

Chief Justice Hill delivered the opinion of the court:

This action in replevin was submitted upon an agreed statement of facts. It discloses that one Kneeland, who owned a confectionery store in Leadville, gave to the plaintiff in error, Sharp, (to secure the payment of a valid indebtedness) a chattel mortgage upon his stock of goods, furniture and fixtures; that the furniture and fixtures were described in detail; that the stock of goods was described as "All the candy, popcorn, cigars, tobacco, * * * situate at * * *; that it contained a clause that until default, etc., "It shall and may be lawful for the mortgagor to retain possession and use and enjoy the same;" also, a clause that if the mortgagee deemed himself unsafe or insecure, then it should and might be lawful for him to take immediate and full possession, etc.; that this mortgage was recorded March 1, 1915; that thereafter, Kneeland gave another chattel mortgage upon this furniture and fixtures to the defendant in error, Hollister (to secure the payment of a valid indebtedness) ; that this mortgage was recorded June 15th, 1915; that it contained a clause that it was given subject to the other then of record, etc., also a clause pertaining to immediate possession if the mortgagee deemed it unsafe or insecure; that thereafter and before all of the indebtedness secured by either of these mortgages became due, another creditor of Kneeland attached this stock of goods and ultimately sold it to satisfy his indebtedness; that at about the time of the levy of this attachment, Hollister, thinking his indebtedness insecure, took possession of the fixtures and furniture under his mortgage; that Sharp demanded from him possession of the furniture and fixtures covered by his mortgage and upon Hollister's refusal to deliver them to him brought this suit in replevin for that purpose. The court held that Sharp's mortgage was void as against the rights of Hollister, under his mortgage, by reason of the fact that

Sharp's mortgage covered the merchandise of Kneeland, and contained the clause that until default it should be lawful for him to retain possession of said goods and chattels and to use and enjoy the same.

Upon account of the Sharp mortgage covering the merchandise as well as the furniture and fixtures, and its language providing that until default the mortgagor could retain possession and use and enjoy the same, it is conceded that it was void, as against purchasers for value and attaching creditors.

*Wilson v. Voight, et al.,* 9 Colo. 614, 13 Pac. 726. The reason for this rule, which is based upon public policy, does not apply as between the parties. It has uniformly been held that such a mortgage is valid as between the parties to it.

*Harbison v. Tufts,* 1 Colo. App. 141, 27 Pac. 1014; *Wile, et al. v. Butler,* 4 Colo. App. 154, 34 Pac. 1110; *Commercial Natl. Bank v. Davidson,* 18 Ore. 57, 22 Pac. 517; *Martin v. Sexton,* 112 Ill. App., 199; *Drug Co. v. Self,* 77 Mo. App. 284; *Hodgdon v. Libby,* 69 N. H. 136; 43 Atl. 312; *Smith v. Moore,* 11 N. H. 55; *Gooding v. Riley,* 50 N. H. 400.

The question which presents itself here is the status of a junior mortgagee who takes his mortgage not only with actual notice of the prior mortgage, but under an express agreement that his is to be subject to it. This question has repeatedly been passed upon by the courts of other states to the effect that in such cases the junior mortgagee does not come within the class of purchaser for value or attaching creditor to the extent that he can question its validity, but that he is in no better position concerning it than his mortgagor and is estopped the same as the mortgagor is from questioning its validity.

*Wells, Fargo Co. v. Alturas Commerce Co.,* 6 Idaho 56, 56 Pac. 165; *Dodge v. Smith,* 5 Kans. Ap. 742, 46 Pac. 990; *American Cigar Co. v. Foster,* 36 Mich. 368; *Cumberland Natl. Bank v. Baker, et al.,* 57 N. J. Eq. 231; 40 Atl. 850;

*Singer Piano Co. v. Barnard, Walker Co.,* 113 Iowa 664; 83 N. W. 725; *Hardwick v. Atkinson,* 8 Okl. 608, 58 Pac. 747.

While this question does not appear to have ever been passed upon in this jurisdiction, the principle involved was recognized in *Cassidy et al v. Harrelson,* I Colo. App., 458, 29 Pac. 525. It is not in conflict with the ruling in *Brasher v. Christophie,* 10 Colo. 284, 15 Pac. 403, in which case the subsequent mortgage was not made subject to the prior one, which allowed a sale of the property and the purchase of other, but was entirely independent of it and covered the subsequent purchased furniture provided for in the first mortgage before it was purchased, in which case the party who made the loan and took the second mortgage was placed in the same class as a purchaser for value or attaching creditor. To the same effect is *Allen v. Steiger,* 17 Colo. 552, 31 Pac. 226. It follows that the court erred in holding that the first mortgage was void as against the claim of the second mortgagee under his mortgage which was given and taken expressly subject to the claim of the first mortgagee under his mortgage, for which reason the judgment will be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed.*

Decision *en banc.*

Mr. Justice White and Mr. Justice Bailey not participating.