## H. H. HARRIS v. ALFRED PRATT.

1. BANKRUPTCY — *Deed by Register — Acknowledgment.* Where a deed of assignment is executed by the register in bankruptcy to the assignee of a bankrupt, under section 14 of the bankrupt law of 1867, no acknowledgment thereof is necessary.

2. DEED, *in Evidence; No Error.* Where an assignee in bankruptcy conveys land belonging to a bankrupt estate by an order of the bankrupt court, and the certificate of acknowledgment of the officer taking the same shows that the assignee personally appeared before the said officer, and that his signature is subscribed to said conveyance, and that he acknowledged the same to be his act and deed, *held*, not error to admit said deed in evidence without further proof.

*Error from Wabaunsee District Court.*

ACTION by *Harris* against *Pratt*, to partition the N. E. ¼ of sec. 10, tp. 12, range 13, in Wabaunsee county — plaintiff alleging that he was the owner of an undivided half thereof, and that the defendant was the owner of the other half. The defendant in his answer claimed that he was the owner of the entire tract of land, and alleged that he was in possession thereof. Trial by the court, at the March Term, 1885. The court made the following findings of fact and conclusions of law:

### FINDINGS OF FACT.

"1. On the 23d day of May, 1877, Charles Orme and Thos. E. Phillips were joint owners of the real estate described in the petition and answer filed in this case, to wit, the northeast

quarter of section ten, township twelve south, range thirteen ast, in Wabaunsee county, state of Kansas.

"2. On the 23d of May, 1877, the said Charles Orme and Thomas E. Phillips were adjudged and declared bankrupts by John W. Ray, one of the registers in bankruptcy of the district court of the United States for the district of Kansas, at the city of Indianapolis, in said district.

"3. On the 11th day of June, 1877, the said John W. Ray, by a deed of assignment executed by him as register in bankruptcy, conveyed unto James H. Ruddell, as assignee in bankruptcy of the said Charles Orme and Thomas E. Phillips, bankrupts, all the estate, both real and personal, of said bankrupts, which deed of assignment was duly recorded on the first day of December, 1877, in the records of Wabaunsee county, Kansas, in book L, on page 290.

"4. The said James H. Ruddell, as assignee in bankruptcy of the said Charles Orme and Thomas E. Phillips, acting under various orders of the United States district court of Indiana, on the first day of December, 1877, sold the real estate aforesaid, to wit, the northeast quarter of section ten, township twelve south, range thirteen east, in Wabaunsee county, Kansas, as part of the estate of said bankrupts, unto George P. Anderson, as trustee, which sale was on the 13th day of December, 1877, confirmed by said court, and the said assignee directed to make said George P. Anderson, as trustee, a proper deed of said real estate; and accordingly the said James H. Ruddell, as assignee as aforesaid, on the 27th day of December, 1877, executed to the said George P. Anderson, as trustee, a deed of said real estate, which deed was duly recorded on the first day of April, 1878, in the records of Wabaunsee county, Kansas, in book L, on page 396.

"5. On the 30th day of October, 1882, the said George P. Anderson, as trustee, for the consideration of six hundred dollars, conveyed said real estate by deed unto A. V. Auter, which deed was duly recorded on the 23d day of December, 1882, in the records of Wabaunsee county, Kansas, in book S, page 107.

"6. On the 24th day of February, 1883, the said A. V. Auter, in consideration of twelve hundred dollars actually paid, conveyed said real estate by deed unto Alfred Pratt, the defendant, which deed was duly recorded on the 26th day of June, 1883, in the records of Wabaunsee county, Kansas, in book S, page 291.

"7. On the 8th day of April, 1880, the said Charles Orme,

one of said bankrupts, and Hannah, his wife, executed unto the said George P. Anderson, as trustee, a quitclaim deed for said real estate, which deed was recorded on the 24th day of November, 1880, in the records of Wabaunsee county, Kansas, in book P, page 160.

"8. On the 30th day of October, 1883, in consideration of forty dollars actually paid by said plaintiff, Thomas E. Phillips, one of said bankrupts, and Margaret, his wife, executed and delivered unto Herbert H. Harris, the plaintiff, a quitclaim deed for said real estate, which was recorded on the 7th day of November, 1883, in the records of Wabaunsee county, Kansas, in book T, page 340.

"9. Between the 7th and 14th days of November, 1883, the said plaintiff, being then the owner of a fenced tract of land adjoining said real estate on the east side, took possession of and inclosed a part of said real estate adjoining his fence, about eighty rods square, with a barb-wire fence, for a corral.

"10. In the spring of 1884, said defendant, Alfred Pratt, took possession of and inclosed the whole of said real estate, including what had already been inclosed by the plaintiff, and was in possession of the same at the time of the commencement of this action.

"11. The said George P. Anderson, A. V. Auter and Alfred Pratt have paid the taxes on the whole of said real estate from 1877 to 1883, inclusive.

"12. The actual value of said real estate on the 7th day of November, 1883, was sixteen hundred dollars."

"CONCLUSIONS OF LAW.

"1. By the adjudication in bankruptcy, and proceedings thereunder, the assignment to James H. Ruddell as assignee, and said assignee's deed to George P. Anderson as trustee, the said Charles Orme and Thomas E. Phillips were divested of all right, title, or interest in said real estate; and the subsequent conveyances of George P. Anderson, as trustee, to A. V. Auter, and of A. V. Auter and wife to Alfred Pratt, vested a perfect title to said real estate in the defendant Alfred Pratt.

"2. The plaintiff, Herbert H. Harris, acquired no title to said real estate or any part thereof by virtue of said quitclaim deed to him from Thomas E. Phillips and wife.

"3. At the commencement of this action, the defendant, Alfred Pratt, was the owner in fee simple of the whole of said real estate."

Thereupon, the court rendered judgment for the defendant. The plaintiff brings the case here for review.

*H. H. Harris*, plaintiff in error, for himself.

*A. Bergen*, for defendant in error.

Opinion by CLOGSTON, C.: The only question presented for consideration is, the admission of certain deeds and proceedings in bankruptcy in evidence, over the objection of the plaintiff below. If the deed and proceedings admitted were improperly admitted, the judgment ought to have been for the plaintiff instead of for the defendant. The deeds objected to were, first, the deed of assignment of the bankrupt estate of Charles Orme and Thomas E. Phillips by John W. Ray, register in bankruptcy, to James H. Ruddell, assignee; and second, a deed by the said James H. Ruddell, assignee, to George P. Anderson, trustee. The objection to these deeds is, that they were not properly acknowledged, either under the laws of the state of Kansas, or of the state of Indiana. The first of these deeds was made by the register in bankruptcy to the assignee, and made under and by virtue of the bankrupt law then in force, which provides that the deed of assignment by the register in bankruptcy shall be signed by him with his seal attached. No provision is made for an acknowledgment of this deed, and none is required. The register is an officer of the bankrupt court, and as such officer the law directed him to convey the bankrupt estate under his signature and seal. (Rev. Stat. of U. S. 1875, §§ 5044–5049.) The second deed, made by the assignee of said estate to George P. Anderson, was acknowledged before a notary public. The objection to this acknowledgment is, that the notary in his certificate does not show that the assignee was personally known to him to be the person who signed the conveyance. The acknowledgment is as follows:

"Before me, a notary public in and for the said county, this 27th day of December, 1877, personally appeared James H. Ruddell, assignee in bankruptcy of Charles Orme and Thomas E. Phillips, whose signature is subscribed to the foregoing con-

veyance, and acknowledged the same to be his act and deed. Witness my hand and notarial seal, this 27th day of December, 1877.        BENJ. D. WALCOTT, *Notary Public.*"

Now while this certificate does not say in so many words that the grantor was personally known to him to be the person who signed the conveyance, yet it does state that the assignee personally appeared before him, and that his signature is to the conveyance. We think this was a substantial compliance with our statute. Again, it must be remembered that this was a sale made under the direction of and to be confirmed by the bankrupt court. There could be no mistake in the identity of this grantor in this conveyance.

Plaintiff also insists that the proceedings in bankruptcy in correcting an error or mistake in the confirmation of the sale of this land by the assignee in bankruptcy, by making said confirmation show that the sale of the northeast quarter was confirmed, instead of the southwest quarter, ought not to have been admitted over his objection, for the reason that he had purchased the northeast quarter before the correction, and that at the time of his purchase of this land he had no notice, either constructive or actual, that the northeast quarter had been sold by the assignee. The objection is not tenable. The plaintiff had full knowledge of what was disclosed by the records, and an examination of the records of Wabaunsee county would have shown that the title and all the interest therein of Orme and Phillips, bankrupts, had been conveyed by the register in bankruptcy to the assignee of said bankrupts. This was sufficient notice to put him upon inquiry, and if this inquiry had been followed up, the bankrupt proceedings would have shown that this land was actually sold, and also would have shown the error in the confirmation of the sale. Again, plaintiff's title was by a quitclaim deed from Phillips. This deed carried with it whatever notice Phillips had of the transaction, as well as the claim of every person to the land, whether of record or not. A quitclaim deed conveys only such title as the grantor has, subject to all outstanding equities. (*Johnson v. Williams,* ante, p. 179.)

Plaintiff also insists that the claim of defendant to this land was barred by reason of the two-years statute of limitation provided by the bankrupt law. We do not think the statute can be invoked in favor of the plaintiff. At the time of the sale of this land by the assignee, and for a long time thereafter, this land was unoccupied. There was no adverse claimant or possession, and this proceeding was had within two years after plaintiff claimed title.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.