## JOHN PETROVITZKY, Appellant, v. NAT M. BRIGHAM, Respondent.

NONSUIT—WAIVER—APPEAL IN EQUITY— REVIEW — FRAUDULENT CONVEYANCES—SUFFICIENCY OF EVIDENCE.

1. The offer of evidence after the overruling of a motion for nonsuit is not a waiver of the exception taken to the order overruling such motion, under Sess. Laws 1894, p. 42.

2. Under section 9 of article 8 of the constitution, which provides that appeals to this court shall be upon the record made in the court below, "* * * and that in equity cases, the appeal may be on questions of both law and fact," *held*, that questions of both law and fact arising in equity cases can be reviewed in this court upon the record made in the court below, if properly brought to this court.

3. When there is no testimony offered by the plaintiff, in his affirmative case, tending to establish a *prima facie* case of fraud in the alleged sale of property with intent to defraud creditors, a motion for nonsuit should be granted. Fraud cannot be presumed from mere suspicious circumstances, but must be proved. Testimony offered *held* insufficient to make a *prima facie* case.

(No. 756. Decided Jan. 30, 1897.)

Appeal from the Third district court, Salt Lake county. Hon. John A. Street, *Judge.*

Action by Jacob Petrovitzky against Nat M. Brigham for conversion. From a judgment of nonsuit plaintiff appeals. *Reversed.*

*Richard B. Shepard* and *Cherington & Harkness*, for appellant.

*Booth, Lee & Gray*, for respondent:

Cited:  *Burdick* v. *Post*, 12 Barb. 172; *Crow* v. *Beardsley*, 68 Mo. 439; *Hickox* v. *Elliott*, 22 Fed. R. 21; *Crane* v. *Chandler*, 5 Colo. 21; *Porter* v. *Dement*, 35 Ill. 478; *Grassner* v. *Patterson*, 23 Cal. 332; *Dufficy* v. *Shields*, 63 Cal. 332; *Butte H. Co.* v. *Sullivan*, 7 Montana 312.

MINER, J.:

This action was brought to recover damages against the defendant for the unlawful conversion of certain personal property, upon which the plaintiff held a chattel mortgage made by Herman Jacobs to secure the payment of the sum of $400, by virtue of which plaintiff claimed to be the owner of, and entitled to the possession of, the property.  The defendant denies the conversion, but admits the taking and sale of the property, as United States marshal, under an execution issued upon a judgment against Herman Jacobs and Minnie Jacobs for the sum of $222 and costs, and alleges that the mortgage was placed upon the property to hinder, delay, and defraud the creditors of the plaintiff, and that the mortgage was void because the parties thereto had failed to take, subscribe, and attach to said mortgage the oath required by the statute.  Upon the trial the plaintiff was called as a witness, and identified the note and chattel mortgage in question, under which he claimed title, and offered the same in evidence.  The defendant objected to the introduction of the mortgage in evidence for the reason that it was incompetent, and was not executed in compliance with the laws of this state with reference to chattel mortgages.  The objection was sustained, and the mortgage

was rejected as evidence, the court holding that the affidavit was defective, because the word "hinder" was not used in it. The plaintiff's attorney here remarked, "If we are not allowed to introduce the chattel mortgage in evidence, we cannot prove our case, then, sir, and we rest right here." On motion of defendant the court granted a nonsuit, to which an exception was taken by plaintiff, and the ruling of the court assigned as error.

The following is a copy of one of the affidavits referred to:

"TERRITORY OF UTAH, ⎱ ss. :
"County of Salt Lake, ⎰

"J. Petrovitzky, of Salt Lake City, territory of Utah, being first duly sworn, says that he is the mortgagee named in the foregoing mortgage, and that the said mortgage is made in good faith for the purpose of securing the amount therein named, and without any design to delay or defraud creditors.

"J. PETROVITZKY.

"Sworn to and subscribed before me this 25th day of July, A. D. 1896.

"H. S. McCALLUM,
"Notary Public."

Section 2801, Comp. Laws Utah, 1888, provides: "No mortgage of personal property shall be valid as against the rights and interests of any person (other than the parties thereto), unless the possession of such personal property be delivered to, and retained by the mortgagee, or unless the mortgage provide that the property may remain in possession of the mortgagor, and be accompanied by an affidavit of the parties thereto, or in case any party is absent an affidavit of the parties present, and of the agent or attorney of such absent party, that the same is made in good faith to secure the amount

named therein, and without any design to hinder or delay the creditors of the mortgagor." The mortgage contains a provision that the property should remain in the possession of the mortgagor. The language of the statute is, "and without any design to hinder or delay the creditors of the mortgagors." The affidavit reads, "without any design to delay or defraud the creditors." This affidavit was printed with the mortgage, on a form doubtless in common use. The question is raised whether the words "delay or defraud," as used in the affidavit, is a substantial compliance with the statute, without the use of the word "hinder." The words "hinder" and "delay" are used as synonymous terms. Webster's International Dictionary defines the word "hinder" as to check, retard, impede, delay, block, clog, prevent, stop, interrupt, counteract, thwart, oppose, obstruct, debar, embarrass. The same author defines the word "delay" to mean to hinder, detain, keep back, or retard. Webster's International Dictionary defines the word "defraud" to mean to deprive of some right, interest, or property by deceitful devices; to withhold from wrongfully; to injure by embezzlement; to cheat; to overreach, as to defraud a creditor." The Encyclopædia Dictionary defines the word "defraud" as meaning to deprive of a right by withholding from another, by indirection or device, that which he has a right to claim or obtain. The words "hinder" and "delay" are so practically of the same meaning that the omission of the word "hinder" in the affidavit does not substantially detract from the object of the statute, or lessen the force of the words used in the affidavit so as to make it defective, when used in connection with the word "defraud." A substantial compliance with the statute is all that is required. To hinder or delay is to do something with an intent to defraud; to place some obstruction in the path;

to interpose something, unjustifiably, before the creditor can realize what is due him out of his debtor's property. " 'To defraud' implies or includes all acts, omissions, and concealments which involve a breach of legal or equitable duty, trust or confidence justly reposed, and are injurious to another, or by which an undue and unconscionable advantage is taken of another." *Burdick* v. *Post,* 12 Barb. 186; *Burnham* v. *Brennan,* 42 N. Y. Super. Ct. 63; Black, Law Dict. tit. " Hinder; " 1 Story, Eq. Jur. (13th Ed.) § 187; *Hoffman* v. *Mackall,* 64 Am. Dec. 641; Bump, Fraud. Conv. (4th Ed.) 22, 23; 2 Bigelow, Fraud, pp. 292, 293 and note; *Gardner* v. *Parmalee,* 31 Ohio St. 551.

The rule of the common law, that statutes in derogation thereof are to be strictly construed, has no application in this state, and the Code should be liberally construed with a view to effect its objects and to promote justice. Section 2987, Comp. Laws 1888.

We are of the opinion that the court erred in rejecting the evidence offered. The judgment of the court below is reversed, with costs, and a new trial granted.

ZANE, C. J., and BARTCH, J., concur.