H. D. CLAYTON v. OSCAR CLARK *et ux.*

No. 15,243. (92 Pac. 1117.)

SYLLABUS BY THE COURT.

1. ATTACHMENT — *Intent to Defraud Creditors — Affidavit — Proof.* Where an affidavit for a writ of attachment in an action on a claim not due contains but one ground, which reads "that defendants have sold, conveyed and disposed of their property and are causing the same to be removed out of Graham county for the purpose and with the fraudulent intent to defraud their creditors," the words "for the purpose and with the fraudulent intent to defraud their creditors" are sufficiently broad to include an intent to "hinder" and "delay" their creditors; and upon a motion to dissolve the attachment issued upon such affidavit, for the reason that the specific intent to defraud has not been established by the evidence, it is error to allow the motion when it appears that the acts complained of were done with intent to hinder and delay creditors.

2. ———— *Proof of Intent to Defraud Any Creditor is Sufficient.* In such a case it is not necessary to establish a specific intent on the part of the defendant to defraud, hinder or delay the plaintiff in the collection of his debt. If such an intent exists as to any creditor, then any other creditor may have an attachment.

Error from Graham district court; CHARLES W. SMITH, judge. Opinion filed December 7, 1907. Reversed.

STATEMENT.

THIS was an attachment proceeding on a claim before it was due. The claim consists of two promissory notes, one of which is dated February 24, 1906, for $70, and became due one year after date; the other is dated March 1, 1906, for $43.50, and also matured one year after date. The defendants in error are the makers of the notes, and the plaintiff in error the owner and holder thereof. The defendants in error are tenants on the farm of the plaintiff in error. The notes are unsecured, and were not given in payment of

rent.   The rent for the year 1906 was payable in a
share of the crop.   On August 18, 1906, defendants in
error sold to one Coleman all their personal property
not exempt, including their corn crop, and were pre-
paring to remove to another county at once.   On August
20, 1906, plaintiff in error commenced an action in the
district court of Graham county on the two notes, and
obtained an attachment therein.   An affidavit therefor
was filed which, so far as material, reads:

"That defendants have sold, conveyed and disposed
of their property and are causing the same to be re-
moved out of Graham county for the purpose and with
the fraudulent intent to defraud their creditors in this,
to wit, that the defendants have executed unto one
Coleman a pretended bill of sale of three horses and
other property, and have caused a part of said prop-
erty to be removed from their place of abode, to wit,
from Graham county, Kansas, and attempting to re-
move and are about to remove all of their property,
except what they claim under the exemption laws of
the state of Kansas."

The writ was issued by the probate judge, the dis-
trict judge being absent from the county, and the prop-
erty was taken thereunder.   On October 1, 1906, a mo-
tion to discharge the attachment was filed, placing the
ground of the affidavit in issue.   On October 2, 1906,
the motion was heard before the district court, wherein
a large amount of testimony was heard, both oral and
written.   Upon the hearing the court found the follow-
ing facts:

"Thereupon the plaintiff, defendants, and D. Cole-
man, each in turn introduced his evidence and rested,
and the court, after arguments of counsel and due con-
sideration, doth find:   That at the date of filing the
affidavit and obtaining the issuance of the order of at-
tachment herein defendants were about to remove their
property out of the jurisdiction of this court and were
about to remove and dispose of a part of their property
and had removed and disposed of a part of their prop-
erty, and all property not exempt by law, and that all of
said acts were done and were about to be done for the

purpose of, with the intent to, and to the effect of, hindering and delaying their creditors in the collection of their claims; but the court finds plaintiff has failed to prove a specific intent to defraud the creditors of said Clark; and inasmuch as it is not alleged that the said defendants have, in any way, disposed· of their property with the intent to hinder and delay the creditors of said Clark in the collection of their claims or debts, it is therefore ordered that said attachment be dissolved at the cost of plaintiff."

Plaintiff brings the case here for review.

*W. L. Sayers,* and *S. N. Hawkes,* for plaintiff in error.

*George W. Jones,* for defendants in error.

The opinion of the court was delivered by

GRAVES, J.: The district court has drawn a distinction between an act done with intent to defraud creditors and the same act when done merely with intent to hinder and delay creditors in the collection of their claims which we do not think applicable in this case.

The· affidavit for attachment charges that the acts complained of on the part of the defendants were done "for the 'purpose and with the fraudulent intent to defraud their creditors." No charge is made, unless it is contained in these words, that they were done with the intent to "hinder" and "delay" (Gen. Stat. 1901, § 4624) their creditors in the collection of their claims. The court finds that what the defendants did was done "for the purpose of, with the intent to, and to the effect of, hindering and delaying their creditors in the collection of their claims," but as no specific intent to defraud their creditors was shown the court found the ground of the affidavit not sustained.

We suppose this finding and order were made upon the theory that the ground stated in the affidavit, and the one found to have been established by the evidence, were separate and distinct from each other. In the view we have taken this was erroneous. The language

Clayton v. Clark.

of the affidavit—"for the purpose and with the fraudulent intent to defraud"—is sufficiently broad and comprehensive to include the term "hinder or delay," as the greater includes the less. In volume 2 of Words & Phrases Judicially Defined, at page 1949, it is said, on the authority of *Weber v. Mick et al.*, 131 Ill. 520, 28 N. E. 646, that the word " 'defraud,' as used in the phrase, 'disturb, hinder, delay, or defraud creditors,' is the most generic term of the four, and really includes all the others, since to 'disturb, hinder, or delay' a creditor in the collection of his debts are only different modes of 'defrauding' him of his rights, and these words are used merely as more specific statements of various forms of fraud." (See, also, 14 A. & E. Encycl. of L. 244; *Edgell v. Smith*, 50 W. Va. 349, 40 S. E. 402; *Armstrong v. Ames & Frost Co.*, 17 Tex. Civ. App. 46, 51, 43 S. W. 302; *Petrovitzky v. Brigham*, 14 Utah, 472, 47 Pac. 666; *McBryan v. Trowbridge*, 125 Mich. 542, 84 N. W. 1084.) The affidavit, therefore, covers the finding of the court, and the motion should have been denied.

If it was the purpose of the court to decide that an intent on the part of the defendants to defraud the plaintiff must be shown, we also think such a conclusion erroneous. An intent to defraud, hinder or delay the plaintiff or any creditor is sufficient to give any other creditor the right to an attachment. (Waples, Attach. & Gar., 2d ed., § 71; 3 A. & E. Encycl. of L. 201-244; *Noyes, Norman & Co. v. Cunningham*, 51 Mo. App. 194; *McBryan v. Trowbridge*, 125 Mich. 542, 84 N. W. 1084; *Sherrill v. Bench & Bro.*, 37 Ark. 560.) In the last-named case an instruction was sustained which reads:

"It need not appear that the defendant had disposed of his property with the fraudulent intent to cheat, hinder or delay the plaintiffs; but if it appear from the evidence that the defendant had sold or otherwise disposed of his property, with the fraudulent intent to

cheat, hinder or delay any one of his creditors, this will be sufficient." (Page 561.)

The judgment of the district court is reversed, with direction to deny the motion to dissolve the attachment and proceed with the case in accordance with the views herein expressed.