No. 28,171.

CARL LATENSER, *Appellee*, v. RHODA I. SCHIED, *Appellant*.

(268 Pac. 855.)

Opinion filed July 7, 1928.

*E. R. Sloan,* of Holton, for the appellant.
*H. R. Fulton* and *Thomas A. Fairchild,* both of Holton, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one of replevin, to obtain possession of a player piano. Defendant's demurrer to plaintiff's evidence was overruled, defendant stood on the demurrer, judgment was rendered against her, and she appeals.

Plaintiff sold the piano to George Rentfro. Rentfro gave a note for the price, and secured the note by chattel mortgage on the piano. The mortgage was not recorded. The note was not paid at maturity. Finding the piano in the possession of Rhoda I. Schied, Rentfro's mother-in-law, plaintiff made demand on her for the piano. The demand was refused, and the replevin action followed.

There was no dispute about the foregoing facts. M. H. Dixon, plaintiff's agent, made the demand on Mrs. Schied for possession of the piano, and testified to a conversation with her occurring at the time the demand was made. Mrs. Schied said Rentfro had given the piano to her daughter, and her daughter had traded it in on a board bill. She thought she was the owner of the piano, and had been the owner for several months. In the course of the conversation the fact that the mortgage had not been recorded was discussed.

The petition was in the usual form, and the answer was a general denial. The statute provides that unless recorded a chattel mort-

gage shall be void as against creditors and subsequent purchasers in good faith. (R. S. 58-301.) Defendant contends the evidence shows Mrs. Schied is a third person who claims to be owner. The evidence does not show that. The evidence merely shows what Dixon said Mrs. Schied told him, which bound nobody. Conceding, however, that Mrs. Schied gave Dixon notice of claim of ownership, no evidence was produced at the trial that Mrs. Schied purchased the piano in good faith for a valuable consideration, and no evidence was produced that she did or did not have actual notice of the mortgage. The mortgage was good as between mortgagor and mortgagee. Under the statute it gave the mortgagee legal title and right of possession (R. S. 58-307), and the mortgage was good as against all claimants of the property except those with respect to whom the statute made it inoperative. Did the burden rest on the mortgagee to prove the mortgage was not void as against the possessor of the property, before he was entitled to judgment?

As indicated, failure to record a mortgage does not warrant any one to deal with the property without regard to the mortgage. Nobody but a creditor or subsequent purchaser in good faith will be protected. The possessor may have naked possession without any right of property. He may be a mere custodian or agent of the mortgagor. He may be a pledgee or bailee or a mortgagee in possession or a purchaser. He always knows what his claim is and what the facts are on which his claim rests, and it tends to make trial of an action to determine right of possession less of a game and more of a proceeding to arrive quickly and surely at the truth, to require the claimant to divulge his claim by way of defense and to present the facts which bring him within the exception of the statute. If he claims as owner, he must show he is a subsequent purchaser in good faith. A good-faith purchase requires payment of a valuable consideration. Logically, good faith should include lack of knowledge of the mortgage, but in view of the fact that the statute does not specifically mention notice, and in view of the interpretation the court has placed on the statute relating to record of instruments affecting real estate, it will be sufficient if the person claiming as owner shows a subsequent purchase for a valuable consideration. The burden then rests on the mortgagee to show notice of the unrecorded mortgage.

In the case of *Kruse v. Conklin*, 82 Kan. 358, 108 Pac. 856, the syllabus reads:

"An unrecorded conveyance of real estate is good except as against a person who purchases without notice thereof and for a valuable consideration.

"Where, after the execution of a conveyance which is not recorded, the grantor conveys the same property to another, the latter, in order to be protected by the recording act, must assume the burden of proving that he was a purchaser for a valuable consideration. Recitals in the conveyance itself of the payment of consideration are no evidence thereof as against strangers.

"As soon as it appears that a valuable consideration has been paid the presumption arises that the purchaser acted in good faith and without notice of the rights of those who claim under the unrecorded deed. Until there is proof that he paid a valuable consideration there is no presumption of good faith." (¶¶ 1, 2, 3.)

Consistency requires that the same rule be applied to a subsequent purchaser of mortgaged personal property. In the recent case of *Loranz & Co. v. Smith*, (Ia.) 53 A. L. R. 662, 214 N. W. 525 (July 1, 1927), the supreme court of Iowa had before it the question of burden of pleading and proof in an action by the holder of an unrecorded chattel mortgage for conversion of the property. The headnote reads:

"In an action brought by the owner of an unrecorded chattel mortgage for the conversion of the mortgaged property by one who had levied upon and sold it under execution, the latter has the burden of alleging and proving that he was a 'subsequent purchaser without notice,' within a statute invalidating, as against such purchasers, an unrecorded chattel mortgage and thereby creating an exception in their favor." (53 A. L. R. 662, ¶ 2.)

The following decisions involving unrecorded chattel mortgages are in general accord: *Nolen v. Farrow*, 154 Ala. 269; *Allcock v. Loy*, 100 Ill. App. 573, 575; *Big Stone County Bank v. Crown Elevator Co.*, 111 Minn. 399; *Commonwealth Finance Corp. v. Schutt*, 97 N. J. L. 225, 229; *Deseret Nat. Bank v. Kidman*, 25 Utah, 379.

The judgment of the district court is affirmed.