## THE NAN B.
### No. 5865–A.

District Court, Alaska,
First Div. Juneau.

June 11, 1948.

Faulkner, Banfield & Boochever, of Juneau, Alaska, for libellant.

Zeigler & King, of Ketchikan, Alaska, for intervenor.

FOLTA, District Judge.

The libellant seeks to foreclose its mortgage against the vessel "Nan B," given by Leif Leding on August 14, 1946, under the Federal Ship Mortgage Act of June 5, 1920, 41 Stat. 1000, as amended, 46 U.S.C.A. § 911 et seq., to secure the payment of a veteran's loan in the sum of $10,000 granted under Territorial law.

Chris Leding has intervened, asserting that, although his mortgage is subsequent in time, it is, nevertheless, entitled to priority by reason of an alleged deficiency in the verification of libellant's mortgage, as required by Sec. 30, Subsec. D, of the statute referred to, 46 U.S.C.A. § 922. The principal question presented, therefore, is whether libellant's mortgage is entitled to a preferred status and, hence, priority over intervenor's lien. So far as pertinent, the statute referred to provides, Sec. 30, Subsec. D, 46 U.S.C.A. § 922, that

"A valid mortgage * * * shall * * * have, in respect to such vessel and as of the date of the compliance with all the provisions of this subdivision, the preferred status given by the provisions of section 953 of this title, if * * * an affidavit is filed with the record of such mortgage to the effect that the mortgage is made in good faith and without any design to hinder, delay, or defraud any *existing or future* creditor *of the mortgagor or any lienor of the mortgaged vessel.*"

The omission of the italicized words from the affidavits of the mortgagor and mortgagee is the basis for intervenor's contention that the mortgage is not entitled to a preferred status under the

statute and is, hence, subordinate to the lien of his mortgage.

■ It may be argued with much plausibility that a "lienor of the mortgaged vessel" is obviously not a "creditor of the mortgagor" and that, since the intervenor belongs to the former class, which is not comprehended within the latter, the affidavit is insufficient. However, since either a creditor or lienor may proceed by an action in rem against the vessel or by an action in personam against the owner to enforce his claim, it follows that the term "creditor" as used in the affidavits is sufficiently broad to describe either a creditor of the mortgagor or a lienor of the vessel. Likewise the term "creditor" as used in the affidavits is sufficiently broad to include "existing" as well as "future" creditors, notwithstanding the failure to use these qualifying adjectives of the statute. Cf. Detroit Trust Company v. Pontiac Bank, 237 U.S. 186, 188, 35 S.Ct. 509, 59 L.Ed. 907; Deseret National Bank v. Kidman, 25 Utah 379, 71 P. 873, 878, 95 Am.St.Rep. 856; 10 Am.Jur. 782, Sec. 104.

Aside from these considerations and in the absence of authority on the precise point, it is worthy of note that in The Nanking, D.C.Cal.1923, 292 F. 642, it was held that the provision, prescribed by the same section, that certain facts with reference to the preferred mortgage shall be endorsed upon the mortgaged vessel's documents, is merely directory and that a failure to make such an endorsement does not result in a loss of the preferred status accorded such mortgage. Decisions construing similar requirements of statutes governing the verification of chattel mortgages are in harmony with the foregoing view and should, upon principles of analogy, be accorded considerable weight. They hold that in the absence of fraud, instruments so common in commercial transactions should be sustained whenever there is an honest and substantial compliance with the statutes and that criticism directed to matters of artifice rather than to those of substance ought not to prevail. Cf. American Soda Fountain Company v. Stolzenbach, 75 N.J.L. 721, 68 A. 1078, 16 L.R.A., N.S., 703, 127 Am.St.

Rep. 822; Deseret National Bank v. Kidman, supra; Puget Sound Pulp and Timber Company v. Clear Lake Cedar Corp., 15 Wash.2d 707, 132 P.2d 363, 143 A.L.R. 1249; Wells v. Rutkowski, 6 Cir., Ohio, 69 F.2d 143.

■ Intervenor neither altered his position nor was prejudiced in any way by reason of the omission of the words referred to from libellant's mortgage. On the contrary, he acted on the assumption that the validity of the instrument as a preferred mortgage was unquestioned and, accordingly, recited in his own mortgage that it was a second preferred mortgage and subject to the lien of libellant's mortgage. It appears well settled that in these circumstances the junior mortgagee is estopped from contesting the validity of the prior mortgage. Galveston R. R. v. Cowdrey, 11 Wall. 459, 480, 482, 20 L.Ed. 199; Sharp v. Hollister, 65 Colo. 110, 174 P. 301; Nichols v. Jackson County Bank, 136 Or. 302, 298 P. 908; McDonnell v. Burns, 8 Cir., 83 F. 866; Avery County Bank v. Smith, 186 N.C. 635, 120 S.E. 215.

Moreover, there is no suggestion of fraud or falsity in any respect. It may be conceded that the affidavits are inartificially drawn and lack technical precision but it does not follow that they are not in substantial compliance with the statute.

■ Finally, the intervenor urges a strict construction because the statute effected a radical departure from traditional admiralty practice in conferring jurisdiction upon admiralty courts to foreclose mortgages on vessels. The same argument was made, without avail, in urging a like construction of statutes allowing the mortgagor to retain possession of personal property upon executing an affidavit of good faith, upon the ground that such statutes were in derogation of the common law. It is the opinion of the court that the statute here involved should be strictly construed so far as the protection of creditors and lienors from fraud and like acts is concerned, but liberally construed to effectuate the object of the statute to make investments in shipping

750

and ship mortgages more attractive and secure. The Favorite, 2 Cir., 120 F.2d 899.

Accordingly, the court holds that there was a substantial compliance with the statute and that the lien of libellant's mortgage is superior to that of intervenor's.