**LAKE JACKSON STATE BANK,**
Libelant,

v.

**The OIL SCREW KINGFISH TOO,** Official Number 245989, her engines, machinery, nets, tackle, apparel and furniture, in rem and **H. H. Bauknight,** her owner, in personam, Respondents,

**Gulf King Ice & Fuel Company,**
Intervening Libelant.

**No. 64-H-202.**

United States District Court
S. D. Texas,
Houston Division.

April 22, 1965.

Schirmeyer & Kratochvil and L. Glen Kratochvil, Houston, Tex., for libelant.

Ellis & Andrews and Wm. L. Ellis, Aransas Pass, Tex., for intervening libelant.

INGRAHAM, District Judge.

Libelant, Lake Jackson State Bank, seeks to foreclose its Preferred Ship's Mortgage, dated June 5, 1963, and recorded with the Collector of Customs on June 10, 1963, against the shrimp trawler "KINGFISH TOO" and her owner, H. H.

Bauknight. The owner was unable to make periodic payments on a mortgage-note and elected not to contest libelant's mortgage foreclosure proceedings. On December 18, 1964, the Bank filed a libel *in rem* against the "KINGFISH TOO" and *in personam* against H. H. Bauknight, her owner. No answer to the libel was filed. On January 8, 1965, an Order of Default and Sale was entered. The vessel was sold on January 18, 1965, and an Order Confirming and Approving Sale was entered on January 19, 1965.[1] On March 9, 1965, a single Intervening Libel was filed alleging six separate maritime lien claims held by six different parties, all of which are dated after the Preferred Ship's Mortgage. It was further alleged that five of the maritime lien claims were assigned to Intervening Libelant. Libelant Bank filed a motion for default decree. An oral hearing was held thereon, evidence taken and argument made. At the conclusion of the hearing, the motion was taken under advisement and briefs were ordered to be filed.

The Intervening Libelant, Gulf King Ice & Fuel Company, challenges the validity of the Preferred Ship's Mortgage on the ground that the "Affidavit of Good Faith", recorded with the mortgage, failed to use the precise wording of the Ship's Mortgage Act of 1920, as amended, 46 U.S.C.A. § 922(a) (3). It is admitted, however, that the mortgage has acquired preferred status if the Affidavit of Good Faith does comply with the statutory requirements. And since all maritime lien claims held by the Intervening Libelant arose after the date of the mortgage, such claims would be subordinate to the mortgage.

This is the only issue presented by Intervenor, although the Libelant Bank raises several other defenses in support of its priority. And in view of the position of the Intervenor and the resolution by the court of this single issue concerning the Affidavit of Good Faith, it is not necessary to address ourselves to any of the other questions raised by the Libelant Bank.

Title 46, United States Code, Section 922, provides in relevant part as follows:

"A valid mortgage which at the time it is made includes the whole of any vessel of the United States * * shall, in addition, have, in respect to such vessel and as of the date of the compliance with all the provisions of this subsection, the preferred status given by the provisions of section 953 of this title, if—

"(3) An affidavit is filed with the record of such mortgage *to the effect* that the mortgage is made in good faith and without any design to hinder, delay, or defraud any existing or future creditor of the mortgagor or any lienor of the mortgaged vessel;" (italics added)

And the Affidavit of Good Faith filed with the mortgage in question reads in relevant part as follows:

"He does further certify that the mortgage is made in good faith and without any desire to hinder, delay or defraud any future creditors or the mortgagee or any lienor of the mortgaged vessel of the United States of America."

The question is simple. Does this affidavit meet the statutory requirements set out above?

It is clear from the statute that the affidavit is not required to be in certain specified language. It need be only "to the effect" of the statute. The argument of the Intervenor that there must be strict compliance with all the requirements of the Ship Mortgage Act, even if valid, in no way mitigates against the fact that the affidavit need not be in a specified form.

The affidavit in question is artlessly drawn, but it appears to have been a legitimate, though abortive, attempt to track the language of the statute itself. The first variance is in the use of the word "desire" rather than "design". Under the circumstances, this change of

---

1. The proceeds of the sale were insufficient to satisfy Libelant's mortgage claim.

terminology makes no difference in the meaning. If a mortgage is made in good faith and without any desire to hinder, delay or defraud, then it is made without any design to delay, hinder or defraud. The court can only surmise what occurred, but it appears that nothing more than a simple typographical error caused the libelant's "design" to become "desire". Whatever the reason, the meaning is not significantly altered. There also was the failure to include *existing* creditors in the category of persons against whom no designs (or desires, as the case may be) were made. Without indicating any opinion as to the effect such an omission would have in a case involving existing creditors, suffice it to say that in the instant case the claims being urged by Intervenor were not "existing" at the time of the execution of the affidavit, and the creditors whose claims are pressed by Intervenor were not in the class intended to be protected by the omitted phrase. Under these circumstances, the court will not sustain a complaint addressed against the affidavit on these grounds by Intervening Libelant.

There are two other respects in which the affidavit differs from the literal wording of the statute. Where the statute says "future creditor of the mortgagor", the affidavit says "future creditors or the mortgagee". The key changes are the use of the word "or" rather than "of" and changing "mortgagor" to "mortgagee". But when the changes are dissected and analyzed, it is seen that they in no way affect the rights of the Intervenor. Future creditors are sworn to be protected, regardless of whether the language following is used to limit the protection to creditors of the mortgagor. Under the affidavit which is attacked in the instant case, the sworn protection is even broader than if the exact language of the statute were used. It is true that the use of the language "or the mortgagee" is a non sequitur since the mortgagee is the affiant, but the language does not prejudice the rights of the creditors in any way. Such prejudice is not even alleged. The same is true with regard to the inclusion of the concluding phrase "of the United States of America". This language is not to be found in the statute, but the addition of it to the affidavit hardly makes the affidavit invalid.

A similar attempt to set aside a Preferred Mortgage on technical grounds was considered by Judge Allred of this court in Gulf Coast Marine Ways, Inc. v. The J. R. Hardee, 107 F.Supp. 379 (S.D. Tex.1952). In that case the affidavit in support of the mortgage recited that the mortgage was made "in good faith, without any design to hinder, delay or defraud any *interests of future* creditors or lienors of the *mortgaged vessel.*" It was urged that this affidavit did not comply with the statute since it did not have any averment in regard to any existing creditor of the mortgagor. The court overruled the objection to the affidavit on three different grounds—two of which are directly applicable to the instant case. First, it was held that since the claimant was a "future" creditor and not an "existing" creditor of the mortgagor at the time of the mortgage and affidavit, failure of the affidavit to negative the existing claims of a mortgagor was of no consequence. And secondly, the court pointed out that it was undisputed that the mortgage was in good faith, and the court held that in the absence of fraud, the statute should be liberally construed.

This court agrees with Judge Allred. Instruments of this nature should be sustained when there is an honest and substantial compliance with the statutes. A strict construction of the statutory terms should only occur in the face of fraud or, at a minimum, when the complainant can show some injury attributable to the deficiency in the affidavit. See generally, Pascagoula Dock Station v. Merchants & Marine Bank, 271 F.2d 53 (5th Cir. 1959); The Nan B, 78 F.Supp. 748 (D.C.Alaska 1948). And under the circumstances of this case, the affidavit of good faith does comply with the statutory requirements.

The clerk will notify counsel to draft and submit decree accordingly.